UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE ELLIS KARACSON,

       Petitioner,

v.

       Case No. 20-cv-13100
       Hon. Matthew F. Leitman

DAVID SHAVER,

       Respondent.

_____/

**ORDER (1) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR AMENDMENT OF STAY (ECF No. 9) AND (2) DIRECTING PETITIONER TO CLARIFY THE STATUS OF HIS STATE-COURT MOTION FOR RELIEF FROM JUDGMENT AND TO INFORM THE COURT HOW HE WANTS TO PROCEED**

Petitioner Steve Ellis Karacson is a state prisoner in the custody of the Michigan Department of Corrections. On November 12, 2020, Karacson filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1; Am. Pet., ECF No. 7.) The Court stayed consideration of that petition on May 17, 2021, so that Karacson could return to state court to exhaust certain unexhausted claims. (*See* Order, ECF No. 8.)

On September 1, 2021, Karacson filed a motion to amend the Court's stay order. (*See* Mot., ECF No. 9.) For the reasons explained below, the Court **DENIES** the motion without prejudice and **DIRECTS** Karacson to (1) clarify the status of his

1

state-court motion for relief from judgment and (2) inform the Court how he wants to proceed in this action.

I

On November 12, 2020, Karacson commenced this action by filing a "Petition for Protective Writ of Habeas Corpus" pursuant to *Pace v. DiGuglielmo*, 544 U.S. 508 (2005). (*See* Pet., ECF No. 1, PageID.1-2.) The petition sought relief from Karacson's convictions and sentence of seven years to seven years, one day, for arson of an insured dwelling, Mich. Comp. Laws § 750.76(1)(a), and insurance fraud, Mich. Comp. Laws § 500.4511(1). (*See id.*, PageID.l.)

On April 9, 2021, Karacson filed a second protective petition for a writ of habeas corpus. (*See* Am. Pet., ECF No. 7.) In that amended petition, Karacson stated that his appellate attorney raised the following four issues in the Michigan Court of Appeals:

> I. Did the trial court's refusal at trial to grant Defendant's request for appointment of other counsel, which ultimately led to the Defendant's involuntar[ily] defending himself, [violate] his Sixth Amendment right to the assistance of counsel and to due process and a fair trial?
>
> II. Did the trial court[] abuse [its] discretion in failing to grant Defendant's motion for mistrial when a juror in the jury room after voir dire said in front of all the jurors, "You know he did it" or "You know he did it, he's guilty."
>
> III. Was Defendant deprived of effective assistance of counsel, requiring that the defendant's conviction be reversed, and a new trial granted?

> IV. Did the trial court abuse its discretion in imposing excessive court costs on Defendant at sentencing which were unrelated to the circumstances of the case and for which no reason was articulated on the record?

(*Id.*, PageID.18.) Karacson further alleged that his appellate counsel failed to raise all the appealable issues in the Michigan Court of Appeals, declined to represent him in the Michigan Supreme Court, and did not keep his promise to send habeas corpus forms to him. (*See id.*, PageID.19-21.)

In both the initial petition and the amended petition, Karacson sought a stay from this Court so that he could return to state court and file a motion for relief from judgment under Michigan Court Rule 6.500. (*See* Pet., ECF No. 1, PageID.4; Am. Pet., ECF No. 7, PageID.21.) Karacson stated that he intended to raise claims of judicial bias, ineffective assistance of trial counsel, unconstitutional jury instructions, and ineffective assistance of appellate counsel in his post-conviction motion. (*See id.*)

On May 17, 2021, the Court granted Karacson's request to hold his petition in abeyance while he pursued state remedies for the unexhausted claims described above. (*See* Order, ECF No. 8.) As a condition of the stay, the Court ordered Karacson to file a motion for relief from judgment in the state trial court within ninety days of the date of the Court's order and to seek timely review in the Michigan Court of Appeals and in the Michigan Supreme Court if the trial court denied his motion. (*See id.*, PageID.26-27.)

3

The Court further conditioned its stay on Karacson returning to this Court with an amended petition and a motion to reopen this case within ninety days of exhausting his state court remedies. (*See id.*, PageID.27.) The Court warned Karacson that it might dismiss his petition or rule on only his currently exhausted claims if he failed to comply with any of the conditions described in the Court's order. (*See id.*) The Court then administratively closed this case and stated that on receipt of Karacson's motion to amend his petition, the Court would order the Clerk of Court to reopen this case. (*See id.*, PageID.27-28.)

On September 1, 2021, Karacson filed a "Motion for Amendment of Stay of Writ of Habeas Corpus." (*See* Mot., ECF No. 9.) Karacson says that he has exhausted his state-court remedies, and he asks the Court to lift the stay in this case and allow him to proceed in federal court. (*See id.*, PageID.29.)

## II

To properly exhaust state remedies, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In states like Michigan, which has a two-tiered appellate system, a habeas petitioner must present all his claims to the Michigan Court of Appeals and to the Michigan Supreme Court to satisfy this exhaustion requirement. *See Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir.), *cert. denied*, 141 S. Ct. 658 (2020); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

The state trial court's docket reveals that Karacson filed a motion for relief from judgment on March 10, 2021, and that the trial court denied the motion on June 7, 2021. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3666790. The Court has found no record of an appeal from the trial court's decision, and Karacson has not provided the Court with enough information to determine whether he exhausted his state remedies by appealing the trial court's denial of his post-judgment motion to the Michigan Court of Appeals and to the Michigan Supreme Court.

Karacson also has not provided sufficient information about the outcome of his initial direct appeal of his convictions. He has not described the claims that he presented to the Michigan Supreme Court and whether those claims were the same claims that he presented to the Michigan Court of Appeals.

Accordingly, because Karacson has not given the Court enough information to make a preliminary determination on the exhaustion issue, **IT IS HEREBY ORDERED** that Karacson's motion for amendment of stay (ECF No. 9) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Karacson shall clarify, in writing, by no later than **May 9, 2022**, the facts and describe the procedural history of his criminal case in greater detail. In particular, Karacson shall inform the Court:

- Whether he appealed the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and in the Michigan Supreme Court (and, if so, when he filed those appeals);

- What claims Karacson raised in the Michigan Supreme Court on direct appeal of his convictions; and

- Finally, what claims he plans to raise in an amended petition for the writ of habeas corpus.

**IT IS FURTHER ORDERED** that Karacson shall also inform the Court in writing how he wants to proceed at this time. Although the title of his pending motion suggests that he may want to extend or modify the terms of the stay in this case, the relief he sought was to lift the stay and to reopen this case.

On receipt of Karacson's response to this order, the Court will decide the appropriate action to take. Any failure to comply with this order by **May 9, 2022**, could result in the dismissal of this case.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
