UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE ELLIS KARACSON,

       Petitioner,

v.

       Case No. 20-cv-13100
       Hon. Matthew F. Leitman

DAVID SHAVER,

       Respondent.
_____/

### ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR (1) RELEASE ON PERSONAL BOND (ECF No. 17) AND (2) THE APPOINTMENT OF COUNSEL (ECF No. 18)

Petitioner Steve Ellis Karacson is a state prisoner in the custody of the Michigan Department of Corrections. In 2020 and in 2021, he filed protective petitions for a writ of habeas corpus in this Court. (*See* Pet., ECF Nos. 1 and 7.) Currently before the Court are Karacson's motions for release on personal bond (ECF No. 17) and for the appointment of counsel (ECF No. 18). For the reasons explained below, the Court **DENIES** the motions.

The Court begins with Karacson's motion for bond. (*See* Mot., ECF No. 17.) To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson*

1

*v. May,* 85 S.Ct. 3, 5 (1964); *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990). Karacson has not yet persuaded the Court that this is an "exceptional" case meriting bond. The Court therefore **DENIES** Karacon's motion for bond **WITHOUT PREJUDICE**.

The Court next turns to Karacson's "Motion for the Appointment of Counsel." (*See* Mot., ECF No. 18.) There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed in such cases. *See Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). As with Karacson's request for bond, he has not yet persuaded the Court that the appointment of counsel is warranted here. The Court therefore **DENIES** Karacson's motion for the appointment of counsel **WITHOUT PREJUDICE**.

Karacson may renew his motion(s), if appropriate, after his petition is fully briefed. **IT IS SO ORDERED**.

Dated: December 20, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2022, by electronic means and/or ordinary mail.

                  s/Holly A. Ryan
                  Case Manager
                  (313) 234-5126