UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE ELLIS KARACSON,

    Petitioner,

Case No. 20-cv-13100
Hon. Matthew F. Leitman

v.

DAVID SHAVER,

    Respondent.

_____/

### ORDER (1) ADDRESSING ISSUES RAISED IN THE PETITION FOR WRIT OF MANDAMUS FILED BY PETITIONER IN THE SIXTH CIRCUIT AND (2) SETTING HEARING ON HABEAS PETITION

Petitioner Steve Karacson is a state inmate in the custody of the Michigan Department of Corrections. On November 12, 2020, Karacson filed a petition for a writ of habeas corpus in this Court seeking relief under 28 U.S.C. § 2254. (*See* Habeas Pet., ECF No. 1.) Karacson has now filed a Petition for a Writ of Mandamus in the United States Court of Appeals for the Sixth Circuit raising concerns regarding the Court's delay in issuing a decision on his habeas petition (the "Mandamus Petition"). (*See* Mandamus Pet., ECF No. 34.) The Court issues this order to (1) address the concerns raised in the Mandamus Petition and to (2) schedule and set the parameters for a hearing on the sole remaining claim in Karacson's habeas petition.

**I**

The Court begins with the procedural history of this case. It is long and complicated, and it helps to explain why this action has been pending for nearly four years.

On November 12, 2020, Karacson began this action by filing a "Petition for Protective Writ of Habeas Corpus" pursuant to *Pace v. DiGuglielmo*, 544 U.S. 508 (2005). (*See* Habeas Pet., ECF No. 1.) On April 9, 2021, he filed a second protective petition for a writ of habeas corpus. (*See* Am. Pet., ECF No. 7.) Karacson did not ask the Court to proceed to adjudicate the claims in either of his two protective petitions. On the contrary, in both petitions, Karacson sought a stay from this Court so that he could return to state court and file a motion for relief from judgment under Michigan Court Rule 6.500. (*See, e.g.*, *id.*, PageID.21.) On May 17, 2021, the Court granted Karacson's request to stay this action and hold his petition in abeyance while he pursued state remedies. (*See* Order, ECF No. 8.)

On September 1, 2021, Karacson returned to this Court and filed a "Motion for Amendment of Stay of Writ of Habeas Corpus." (*See* Mot., ECF No. 9.) He alleged in his motion that he had exhausted his state remedies and that he wanted the Court to lift the stay in this case and allow him to proceed in federal court. (*See id.*, PageID.29.) But Karacson did not provide the Court with enough information to determine whether he had, in fact, exhausted his state remedies. The Court therefore

2

denied his motion for amendment of the stay without prejudice and ordered him to clarify the status and procedural history of his state court exhaustion efforts in greater detail. (*See* Order, ECF No. 10.)

On March 22, 2022, Karacson filed a response to the Court's order stating that he had filed a post-judgment motion under Michigan Court Rule 6.500, that the state trial court had denied the motion, and that he did not appeal the trial court's order. (*See* Resp., ECF No. 11, PageID.40.)  He added that he did not intend to appeal from that order and that he wanted to Court to lift the stay and to review only a single habeas claim: whether, under *United States v. Cronic*, 466 U.S. 648 (1984), he was deprived of his Sixth Amendment right to counsel. (*See id.*, PageID.39-40.) Karacson said: "I present only 1 issue, which I ask the Court to scrutinize under the *U.S. v. Cronic* standard…." (*Id.*)

On April 11, 2022, the Court reopened the case for consideration of that claim. (*See* Order, ECF No. 12, PageID.80.)  On January 26, 2023, Respondent filed his Answer and the relevant state-court record. (*See* ECF Nos. 25, 26.)

On February 22, 2023, Karacson filed a document titled "Amended Petition for a Writ of Habeas Corpus." (*See* Am. Pet., ECF No. 27.)  In that filing, Karacson responded to some of the points made by Respondent in his Answer, and Karacson also attempted to inject new issues – some relating to substantive due process – into the case. (*See id.*, PageID.1947.)

3

On February 28, 2023, Karacson filed a motion for judgment on the pleadings. (*See* Mot., ECF No. 28.) The Court reviewed the motion and denied it in an order dated June 6, 2023. (*See* Order, ECF No. 29.)

On September 30, 2023, Karacson made yet another attempt to amend his habeas petition. He did so by filing a formal motion to amend. (*See* Mot., ECF No. 30.) Even though he previously insisted that he was pursuing only a single claim, in that motion, he sought to inject a number of new claims into the case. (*See id.*) For instance, he raised issues related to double jeopardy and the sufficiency of the evidence. (*See id.*, PageID.2024.) The Court will deny Karacson's motion to amend for the reasons explained in a forthcoming order.

Karacson's two requests for a stay of the proceedings and his numerous filings help to explain why this action has been pending for so long.

## II

The Court has now had the opportunity to complete a careful review of the pleadings and the relevant portions of the state court record, and the Court concludes that it would substantially benefit from hearing from the parties at a hearing. The Court intends the hearing to focus primarily on Respondent's contention that Karacson's claim that he was denied counsel under the *Cronic* standard fails as a matter of law because Karacson validly waived his right to counsel. In preparation for the hearing, counsel for Respondent should very carefully review pages 3-21 of

the transcript of proceedings in the state trial court on August 20, 2018. Those pages can be found in this Court's record at docket entry number 26-8, PageID 323 through PageID 341. In addition, counsel for Respondent and Karacson should carefully review and be prepared to discuss the Michigan Court of Appeals' analysis of Karacson's purported waiver of his right to counsel. That analysis is on pages 6-7 of the Slip Opinion issued by the Michigan Court of Appeals and is found in this Court's record at docket entry number 26-14, PageID 1114 through PageID 1115. Finally, counsel for Respondent and Karacson should review and be prepared to discuss the Sixth Circuit's decision in *Pouncy v. Palmer*, 846 F.3d 144 (6th Cir. 2017).

The Court will hold the hearing by video conference on **October 11, 2024 at 9:30 a.m.**

    IT IS SO ORDERED.

                                            s/Matthew F. Leitman  
                                            MATTHEW F. LEITMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated: September 16, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2024, by electronic means and/or ordinary mail.

                                            s/Holly A. Ryan  
                                            Case Manager  
                                            (313) 234-5126